IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15cv129-WKW |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF FINANCE, SERVICE DIVISION, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sharon Harris, proceeding *pro se*, sues her former employer, the State of Alabama Department of Finance. She alleges that the defendant subjected her to a hostile work environment because of her race, in violation of Title VII of the Civil Rights Act of 1964. (Doc. # 1). By order entered on February 27, 2015, the District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. # 6). Plaintiff moves for leave to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of plaintiff's claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.[1] Thus, it is further

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

ORDERED that the Clerk is DIRECTED to serve the summons, complaint, and a copy of this recommendation on the defendant, but that the defendant's obligation to file a responsive pleading is STAYED pending further order of the court directing such service.

**DISCUSSION**

"It is settled law that in order to obtain judicial consideration of [a Title VII claim], a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred." Pijnenburg v. West Georgia Health System, Inc., 255 F.3d 1304, 1305 (11th Cir. 2001)(citing 42 U.S.C. § 2000e-5(e)(1)); see also Ledbetter v. Goodyear Tire and Rubber Co., Inc., 421 F.3d 1169 (11th Cir. 2005)("For claims arising in so-called 'non-deferral' states, such as Alabama, to be timely, the applicable charge must have been filed within 180 days 'after the alleged unlawful employment practice occurred.'")(citation omitted), *affirmed*, 550 U.S. 618 (2007), *abrogated on other grounds by legislative action*, Pub. L. No. 111-2 (Jan. 29, 2009)). Plaintiff's Title VII claim is due to be dismissed because it appears from the face of her complaint, including attachments, that plaintiff's EEOC charge of discrimination was untimely.[2]

---

[2] Plaintiff refers to her EEOC charge and notice of right to sue in the body of her complaint (Doc. # 1, p. 3 ¶ 11) and has attached both documents to the complaint (Doc. # 1-1). The court may consider these documents in reviewing plaintiff's complaint for failure to state a claim or frivolousness pursuant to 28 U.S.C. § 1915(e). Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)(in ruling on Rule 12(b)(6) motions to dismiss, courts "ordinarily examine . . . documents incorporated into the complaint by reference"). A plaintiff's complaint may be dismissed *sua sponte,* pursuant to § 1915, due to the expiration of a statute of limitations. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)(appropriate to dismiss § 1983 claims prior to service of process as time-barred where no basis for tolling is identified by plaintiff or discernable from the record); see, *e.g.*, Rembert v. Florida, 572 F. App'x. 908 (11th Cir. 2014); Smith v. Mercer, 580 F. App'x.

Plaintiff alleges that the discrimination at issue took place between February 19, 2013, and August 1, 2013 (Doc. # 1-1, p. 1), and that she resigned from her job on August 1, 2013 (id., p. 2; see also Doc. # 1, ¶ 5 (indicating "August 1, 2013" for dates of employment).[3] Plaintiff filed a charge of discrimination with the EEOC on February 10, 2014, more than 180 days after she resigned from her job. (Doc. # 1, ¶ 11 ("I filed charges with the Equal Employment Opportunity Commission regarding defendant['s] alleged discriminatory conduct on or about Feb. 10, 2014."); Doc. # 1-1, pp. 2-3 (charge date-stamped received by the EEOC on "FEB 10 2014").  Thus, it appears from the face of the complaint and its attachments that plaintiff filed her EEOC charge more than 180 days after

---

871 (11th Cir. 2014); Gant v. Jefferson Energy Cooperative, 348 F. App'x. 433 (11th Cir. 2009)(affirming district court's *sua sponte* dismissal of Title VII claims, pursuant to § 1915, for failure to file the complaint before the filing period expired).  This is so even though the statute of limitations is an affirmative defense which may be waived. See Walker v. U.S., 196 F. App'x. 774, 776 (11th Cir. 2006)("In the context of an IFP frivolity determination under 28 U.S.C. § 1915, '[t]he expiration of the statute of limitations is an affirmative defense, the existence of which warrants a dismissal as frivolous.'")(quoting Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990)); Rembert, 572 F. App'x. at 908-09 ("In discussing whether exhaustion under the Prison Litigation Reform Act must be pled in the complaint, the [Supreme] Court illustrated that a claim for relief barred by the applicable statute of limitations was an example of [] an instance where a complaint would fail to state a claim for relief.")(citing Jones v. Bock, 549 U.S. 199, 215 (2007)).  Defendant has not yet been served and, thus, has neither asserted nor waived the statute of limitations defense.  However, the court has directed service of the summons, complaint, and this recommendation on the defendant; if defendant wishes to waive the statute of limitations defense, it may so notify the court by objecting to this recommendation.

[3] While paragraph five is ambiguous since plaintiff provides a single date rather than a time period, she declares in her EEOC charge that she began her employment with defendant on March 1, 1993 and "resigned on August 01, 2013." (Doc. # 1-1).

3

the last day on which defendant could have subjected her to a hostile work environment.[4]

### No Basis for Equitable Tolling

The 180-day period for filing an EEOC charge is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Chappell v. Emco Machine Works Co., 601 F.2d 1295 (5th Cir. 1979). Plaintiff bears the burden of establishing that equitable tolling is appropriate. Ross v. Buckeye Cellulose Corp., 980 F.2d 648 (11th Cir. 1993). "The Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." Justice v. U.S., 6 F.3d 1474, 1479 (11th Cir. 1993)(citing Irwin v. Veterans Administration, 498 U.S. 89, 96 (1993)).

> Statutes of limitations embody the recognition that the defendant's interest in promptly facing the plaintiff's claims along with the court's interest in hearing

---

[4] The EEOC's dismissal and notice of rights does not indicate that the EEOC dismissed the charge as untimely but, instead, that it was "unable to conclude that the information obtained [in its investigation] establishes violations of the statutes." (Doc. # 1-1, p. 1). However, the fact that the EEOC accepted and investigated plaintiff's charge does not preclude this court from finding it to have been filed outside the 180-day charge filing period mandated by the statute. Cf. Mohasco Corp. v. Silver, 447 U.S. 807 (1980)(the Court did not address the effect of the EEOC's action in investigating a charge, but found the charge to be untimely despite such processing); Young v. FedEx Express, 432 F. App'x. 915, 917 (11th Cir. 2011)("EEOC findings are not binding with regard to subsequent discrimination suits in federal court.")(citation omitted); Dorn v. General Motors Corp., 131 F. App'x. 462 (6th Cir. 2005)(district court did not err by failing to find an EEOC charge timely based on a right to sue letter; stating, "[t]his form letter contains no statement that the EEOC found the plaintiff's charge timely nor any guarantee that a court action based on the charge would be found timely. Even if it had contained such a statement, the district court is not bound by EEOC determinations."); see also Hemmings v. University of Arizona, 1999 WL 274647 (9th Cir. May 5, 1999)("[T]olling is not available merely because the EEOC accepted the charge and issued a Notice of Right to Sue."). This is not a claim by a federal employee and, thus, it does not present the same issue as that considered by the Eleventh Circuit in Ramirez v. Secretary, U.S. Dept. of Transportation, 686 F.3d 1239 (11th Cir. 2012) (holding that, on the issue of timeliness of federal employee's initial contact with an EEO counselor, the district court was bound by the EEOC's express finding on timeliness).

> only claims that a plaintiff has diligently pursued can trump the plaintiff's right to assert even the most meritorious of claims.
>
> The interests of justice, however, can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing. The doctrine of equitable tolling allows a court to toll the statute of limitations until such time that the court determines would have been fair for the statute of limitations to begin running of the plaintiff's claims. ... Equitable tolling is appropriate when a [party] untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence.

Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006)(citations and internal quotation marks omitted; emphasis in original). Equitable tolling may also operate to suspend the running of the limitations period after it has begun. See Goldsmith v. City of Atmore, 996 F.2d 1155 (11th Cir. 1993)(90-day limitations period of Title VII equitably tolled by plaintiff's filing of defective pleading in district court within the limitations period, coupled with district court's order directing plaintiff to file a formal complaint, setting a deadline four days after expiration of the limitations period). The Eleventh Circuit has "rejected the contention that *pro se* status, ignorance of the judicial process or slow administrative proceedings warrant equitable tolling." Hunt v. Georgia Dept. of Community Affairs, 490 F. App'x. 196, 198 (11th Cir. 2012). "[A] generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations. 'Principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.'" Justice, 6 F.3d at 1479-80 (quoting Irwin, 498 U.S. at 96)).

Plaintiff alleges that, on May 11, 2013, she and other employees wrote a letter to

5

Elizabeth Allen complaining about race discrimination; they complained of disparate work rules for black employees and abusive treatment by their white supervisor. (Doc. # 1-1). Plaintiff states that, although they "followed the chain of command with [their] complaints of racial discrimination, "nothing was done to resolve the issue."  (Doc. # 1-1, p. 2).  The averments in plaintiff's EEOC charge affirmatively demonstrate the lack of any basis for finding that the 180-day filing period did not begin to run on August 1, 2013, the date on which plaintiff tendered her resignation, and the date plaintiff specifies as the latest date on which the alleged discrimination took place. (Doc. # 1-1, pp. 2-3). Additionally, plaintiff's allegations do not demonstrate the existence of "extraordinary circumstances" that prevented her from meeting the 180-day charge-filing deadline and, accordingly, do not establish a basis for equitable tolling in this case.

## CONCLUSION

Accepted as true, the allegations of plaintiff's complaint: (1) demonstrate that plaintiff failed to file her EEOC charge of discrimination within 180 days of the last discriminatory act; and (2) present no basis for equitable tolling of the charge filing period.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's Title VII claim be DISMISSED with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), due to plaintiff's failure to file a timely charge of discrimination with the EEOC.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any

6

objections to this Recommendation on or before March 16, 2015.  Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  See  United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, this 2nd day of March, 2015.

    /s/ Susan Russ Walker  
    SUSAN RUSS WALKER  
    CHIEF UNITED STATES MAGISTRATE JUDGE